IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

MATTHEW JOSEPH DOUGLAS,

          Petitioner,

v.

GERALDINE WISNER, and MATTHEW
J. HALL,

          Respondents.

Case No. 24-CV-74-JFH-DES

## OPINION AND ORDER

Before the Court is an unopposed Motion to Dismiss filed by Respondents Geraldine Wisner, Attorney General of the Muscogee (Creek) Nation, and Matthew Hall, the Nation's Prosecutor. Dkt. No. 43. Respondents' Motion is GRANTED for the reasons set forth below.

## BACKGROUND

Petitioner Matthew Joseph Douglas is a non-Indian detention sergeant for the Okmulgee County Criminal Justice Authority (the "Jail"). Dkt. No. 4 at 3. On December 13, 2024, three Muscogee (Creek) Nation ("MCN") Lighthorse officers brought an arrestee to the Jail. *Id.* at 4. Upon arriving at the Jail, an altercation occurred between members of the MCN Lighthorse and Petitioner, allegedly based on the refusal to accept custody of the arrestee. *Id.* One week later, on December 20, 2023, the MCN charged Petitioner with "with protected status battery on law enforcement" under 14 MCN §2-303(B)(1). *Id.* at 5.

On December 21, 2023, Petitioner attended a virtual hearing that MCN Judge Lisa Otipoby-Herbert presided over, with Respondent Matthew J. Hall acting as prosecutor representing the MCN. *Id.* During that hearing, Judge Otipoby-Herbert recalled the arrest warrant and ordered

that Petitioner be released on his own recognizance pending an arraignment scheduled for January 17, 2024. *Id.* Petitioner retained counsel, who reset the arraignment to March 27, 2024. *Id.* In the meantime, on February 28, 2024, Petitioner filed a Petition for Writ of Habeas Corpus under 25 U.S.C. §1303 in this Court, alleging that the MCN lacked jurisdiction to prosecute the pending criminal charges against him, and requested dismissal of the complaint, dissolution of his release bond, and injunctive relief against continued prosecution. *Id.* at 13-14.[1]

Respondents filed a Motion to Dismiss on April 30, 2024, arguing that the Petition was premature because Petitioner failed to exhaust his tribal court remedies as required by 25 U.S.C. § 1304(f). Dkt. No. 21. On October 1, 2025, Magistrate Judge D. Edward Snow issued a Report and Recommendation, recommending that the Court deny the Motion. Dkt. No. 34. The Respondents timely objected to the Report and Recommendation on November 14, 2025. Dkt. No. 39. Their Objections remain pending.

Recently, on March 25, 2026, MCN Judge Otipoby-Herbert entered an order in Petitioner's MCN case, stating that, "per agreement of the parties," the charges against Petitioner are dismissed with prejudice. Dkt. No. 43-1 at 2. Respondents now move the Court to (1) deny their Objections to the Magistrate Judge's Report and Recommendation as moot; (2) deny their April 30, 2024, motion to dismiss as moot; and (3) deny Petitioner's Petition as moot. Dkt. No. 43.

**ANALYSIS**

Section 1303 provides that "[t]he privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of his detention by order of an Indian tribe." 25 U.S.C. § 1303. But, a petitioner must be "detained" or "in custody" by a tribal

---

[1] Petitioner originally sued Geri Wisner, Mattew J. Hall, and Judge Otipoby-Herbert in his Petition. Dkt. No. 4 at 3. Judge Otipoby-Herbert was dismissed from this suit on April 23, 2024. Dkt. No. 18.

2

authority to be eligible for relief under 25 U.S.C. § 1303. *See Dry v. CFR Ct. of Indian Offenses for Choctaw Nation*, 168 F.3d 1207, 1208 n. 1 (10th Cir. 1999). Because MCN Judge Otipoby-Herbert dismissed the underlying charges against the Petitioner, Petitioner is no longer in "detention" or in "custody" of the MCN. Nor is he in danger of being placed in detention or custody on the same charges because they were dismissed with prejudice. Accordingly, his Petition, Respondents' Motion to Dismiss, the Magistrate Judge's Report and Recommendation, and the Respondents' Objections to that Report and Recommendation are all moot. *See, e.g., Brisbois v. Tulalip Tribal Ct.*, No. 28-CV-1677, 2019 WL 1522540, (W.D. Wash. Feb. 27, 2019) ("As Petitioner is no longer in custody and there is no actual or potential ongoing collateral impact suffered by him in connection with the Tribal Court judgment, his petition is moot as it no longer represents a case-in-controversy."); *Roblez v. Rosebud Sioux Tribe, Adult Corr. Facility*, No. 21-CV-3027, 2022 WL 657232, at *2 (D.S.D. Mar. 4, 2022) ("This Court learned that Roblez was released from tribal custody on January 18, 2022. Thus, her claim about being wrongfully in tribal custody appears to be moot.").

## CONCLUSION

For the reasons above, Respondents' Unopposed Motion to Dismiss [Dkt. No. 43] is GRANTED. Accordingly, Douglas's § 1303 Petition [Dkt. No. 4] is DISMISSED without prejudice for mootness. Further, Respondents' original Motion to Dismiss [Dkt. No. 21], the associated Report and Recommendation [Dkt. No. 34], and Respondents' Objections [Dkt. No. 39] to the Report and Recommendation are all DENIED for mootness.

IT IS SO ORDERED this 6th day of April, 2026.

_____
JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE

3